## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| BRUCE MCINNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. |
| GC SERVICES, LP, | ) ) ) |
| Defendant. | ) |

### PLAINTIFF'S COMPLAINT

Plaintiff, BRUCE MCINNES ("Plaintiff"), through his attorney, RILEY L. FENNER, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and the FDCPA, 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

5. Plaintiff is a natural person residing in Farmington, Franklin County, Maine.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a business entity engaged in the collection of debt within the State of Maine.

11. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas.  *See Ravenscraft v. GC Services, LP*, U.S. Dist. Ct., E.D. Mich., Case No. 2:13-cv-11710, Dkt. Entry 8 (Defendant's Answer) at ¶12.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. *See Ravenscraft v. GC Services, LP*, Defendant's Answer at ¶16.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff regarding a Citibank MasterCard credit card, account number ending in 6263, Defendant's file number 3029133.

19. The alleged debt owed on the Account arises from transactions for personal, family, and household purposes.

20. Within the last year, Defendant was hired to collect on the Citibank MasterCard account.

21. Defendant's account representatives, D. Kemp and J. Swaney, communicated with Plaintiff regarding the Account on or about April 17, 2013, May 7, 2013, and May 9, 2013.

22. Defendant's account representatives, D. Kemp and J. Swaney, reviewed the letters dated April 17, 2013, May 7, 2013, and May 9, 2013 prior to them being mailed to Plaintiff.

23. Defendant's account representatives, D. Kemp and J. Swaney, were working within the scope of their employment when they communicated with Plaintiff in an attempt to collect on the Account.

24. Defendant called Plaintiff at 207-778-62xx in an attempt to collect on the Account.

25. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect on the Account.

26. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at least one voicemail message regarding the Account.

27. Within one (1) year of Plaintiff filing this Complaint, Defendant left the following voicemail message for Plaintiff, "Bruce McInnes this is Audrey Stanford. Please return this phone call. 1-800-285-3417. My extension is 065. Thank you."

28. Defendant's collector that left the message transcribed in paragraph 27 was working within the scope of her employment when she communicated with Plaintiff in an attempt to collect a debt.

29. Defendant's message for Plaintiff does not state that the call is from GC Services, LP.

30. Defendant's message for Plaintiff does not state that the collector is attempting to collect a debt.

31. Defendant's collector that left the message transcribed in paragraph 27 is familiar with the FDCPA.

32. Defendant's collector that left the message transcribed in paragraph 27 knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

33. Defendant's collector that left the message transcribed in paragraph 27 knows the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

34. The telephone number of 800-285-3417 is one of Defendant's telephone numbers.

35. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

36. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

37. Defendant maintains an insurance policy with CNA under which CNA may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

38. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

39. Defendant recorded all of its telephone communications with third parties regarding the Account.

40. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

41. In the normal course of business, Defendant does not retain copies of the actual letters it sends to various debtors.

42. Here, Defendant did not retain copies of the actual letters it sent to Plaintiff regarding the Account.

43. Paul Grover, Vice President of Client Management Group for Defendant, has discoverable information regarding the day-to-day business activities and functions of Defendant.

44. Specifically, Paul Grover has information regarding Defendant's policies and procedures regarding voicemail messages Defendant leaves for consumers and for third parties.

45. Additionally, Paul Grover has information regarding Defendant's anticipated affirmative defenses.

46. Specifically, Paul Grover has information regarding Defendant's anticipated bona fide error defense.

47. Per the nationwide Public Access to Court Electronic Records ("PACER") records, Defendant has defended approximately two-hundred four (204) lawsuits throughout the nation in the last year prior to the date Plaintiff filed this Complaint.

48. Within one (1) year of Plaintiff filing this Complaint, Defendant has plead a Bona Fide

Error Affirmative Defense in every Answer it has filed in an FDCPA case.

49. In the last three (3) years, Defendant has had over 250 Complaints filed against it with the Better Business Bureau.

50. Defendant has a pattern and practice of not complying with the FDCPA when it leaves voicemail messages for consumers.

51. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Ravenscraft v. GC Services, LP*, U.S. Dist. Ct., E.D. Mich., Case No. 2:13-cv-11710.

52. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Lollie v GC Services, LP*, U.S. Dist. Ct., D. Ariz., Case No. 2:12-cv-02637.

53. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Lambeth v. GC Services, LP*, U.S. Dist. Ct., D. Idaho, Case No. 1:13-cv-00084.

54. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Pinson v. GC Services, LP*, U.S. Dist. Ct., E.D.N.Y., Case No. 1:13-cv-03570.

55. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Babcock v. GC Services, LP*, U.S. Dist. Ct., W.D. Mo., Case No. 5:13-cv-06093.

56. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Pratt v. GC Services, LP*, U.S. Dist. Ct., E.D. Tenn., Case No. 3:13-cv-00510.

57. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Laile v. GC Services, LP*, U.S. Dist. Ct., N.D. Ga., Case No. 4:13-cv-00199.

58. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Travers v. GC Services, LP*, U.S. Dist. Ct., E.D. Mich., Case No. 2:13-cv-13744.

59. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Cruz v. GC Services, LP*, U.S. Dist. Ct., W.D. Mich., Case No. 1:13-cv-00984.

60. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Martinez v. GC Services, LP*, U.S. Dist. Ct., D. Nev., Case No. 3:13-cv-00518.

61. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Eaton v. GC Services, LP*, U.S. Dist. Ct., D. Nev., Case No. 3:13-cv-00519.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

62. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state that call was from GC Services, LP.

    c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt; and

    e. Defendant violated §1692e(11) of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt.

63. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

64. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for

statutory damages, and for costs and attorney's fees.

WHEREFORE, Plaintiff, BRUCE MCINNES, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

65. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

66. Costs and reasonable attorneys' fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

67. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

September 26, 2013            By:    /s/Riley L. Fenner
                                     RILEY L. FENNER, ESQ.
                                     Attorney for Plaintiff
                                     220 Snow Hill Road
                                     Appleton, Maine 04862
                                     Tel: 207-785-6222
                                     Fax: 207-470-1009